**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 25, 2023

Mr. Peter F. Ervin

Mr. Elliot Slosar

Mr. J. Kent Wicker

Re: Case No. 22-5117*, Keith West v. Louisville-Jefferson County, KY Metro Government, et al*
Originating Case No. 3:20-cv-00820

Dear Counsel,

The Court issued the enclosed Order today in this case. Judgment to follow.

Sincerely yours,

s/Robin L Baker
Case Manager
Direct Dial No. 513-564-7014

cc: Mr. William Hartman Brammell II
Ms. Margaret Elizabeth Campbell
Mr. Andrew S. Miller
Ms. Amy Robinson Staples
Mr. James J. Vilt Jr.

Enclosure

Mandate to issue

No. 22-5117

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 25, 2023
DEBORAH S. HUNT, Clerk

KEITH M. WEST,

Plaintiff-Appellant,

v.

LOUISVILLE-JEFFERSON COUNTY, KY METRO GOVERNMENT, et al.,

Defendants-Appellees.

ORDER

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

Plaintiff Keith M. West appeals from the district court's judgment after it granted Defendants' motion to dismiss this 42 U.S.C. § 1983 civil rights suit based on *Heck v. Humphrey*, 512 U.S. 477 (1994). He moves this court to remand, seeking an order reversing the district court's judgment, issuing a summary disposition in his favor, and/or remanding to the district court with an instruction to reinstate the case in light of our recent decision in *Carr v. Louisville-Jefferson County, Kentucky Metro Government*, 37 F.4th 389 (6th Cir. 2022), *cert. den.*, __S. Ct.__, 2023 WL 124416 (Jan. 9, 2023) (No. 22-376). Defendants, the City of Louisville, the Louisville-Jefferson County, Kentucky Metro Government, and twelve Louisville Metro Police Department officers, oppose the motion, and West replies. We conclude that remand is appropriate.

In *Heck*, the Supreme Court held that a § 1983 plaintiff could not recover damages for an allegedly unconstitutional conviction or sentence unless the conviction or sentence has been

invalidated, that is, "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. West argued that his conviction had been expunged by executive order when Kentucky Governor Matthew Bevin pardoned him.

The district court concluded, based on Kentucky law and the language of the pardon, that the pardon did not invalidate West's conviction and that his suit was therefore barred by *Heck*. In *Carr*, we concluded the opposite, holding that Governor Bevin's pardon of Carr—which was identical to West's—"meets the requirements of *Heck*." 37 F.4th at 395. That the facts or procedural history of Carr's case may differ from those in West's does not necessarily alter that conclusion; the relevant issue in both cases was whether Governor Bevin's pardon satisfies *Heck*. We held that it did in *Carr*—a similar case involving an identical pardon—and there is no obvious reason why the same result should not pertain in West's case. In any event, the district court is better suited to determine in the first instance whether and to what extent the factual and procedural differences matter to the application of *Carr* to West's case.

Accordingly, West's motion to remand is **GRANTED**, the district court's judgment is **VACATED**, and this matter is **REMANDED** to the district court for further proceedings.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk